## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

**TONDA M. BAXTER**
1101 Argonne Drive
Baltimore, MD  21218-1428
*On behalf of herself individually and
similarly situated persons.*

    Plaintiff

*v.*

**AMERIHOME MORTGAGE COMPANY,
LLC**
21300 Victory BLVD., Suite 900
Woodland Hills, CA  91367
<u>SERVE ON:</u>
The Corporation Trust, Incorporated
2405 York Road, Suite 201
Lutherville-Timonium, MD  21093-2264

    Defendant

Civil Case:  C-03-CV-20-003237
_____

**Exhibit A**

---

## CLASS ACTION COMPLAINT
### &
### REQUEST FOR JURY TRIAL

---

Plaintiff Tonda Baxter ("**Baxter** or "**Named Plaintiff**"), on her individual behalf and on behalf of similarly situated individuals defined *infra*, by her attorneys, Phillip R. Robinson and the Consumer Law Center LLC and pursuant to MD. RULE 2-231, sues Amerihome Mortgage Company, LLC ("**Amerihome**" or "**Defendant**") Amerihome, on behalf of herself and similarly situated persons, demands a trial by Jury on all counts for which a right to trial by jury is allowed and, in support of her Class Action Complaint, states:

<u>**INTRODUCTION**</u>

1.      In instances, such as the underlying matters involving Amerihome, the mortgage servicer places its interest and pattern of unsafe and unsound mortgage service practices above the remedial rights of homeowners and consumers.  Moreover, Amerihome unfairly and deceptively ignores its statutory and contractual duties including those which were agreed to as part of its license to legally operate in the State of Maryland.

2.      In this action Amerihome has imposed certain fees and charges onto the residential mortgage accounts of Baxter and the putative class members she seeks to represent for accepting payments by telephone and/or by the Internet.  These so-called convenience fees to accept payments of consumer debts by telephone or over the Internet are not authorized by the documents governing the Plaintiff's loan, Maryland law, and the putative class members' loans.  In addition,

a.      Since the consumer debts subject to this action involve mortgage loans and related real property in the State of Maryland, the statute of frauds that applies in Maryland does not permit the Defendant to impose and charge fees that are not memorialized in a written agreement.  Further, as a licensed Maryland mortgage lender Amerihome is barred from altering the agreements governing its relationships with Baxter and the putative class members unless any such agreement is in writing and executed by all the parties.  Md. Code Regs. 09.03.06.08.

b.      The so-called convenience fees are an unlawful profit center imposed and collected by Amerihome and are not simply pass-through costs to Baxter and the putative class members.  Rather, they represent materially excessive sums and fees over Amerihome's actual costs to accept a residential, mortgage payment by electronic means over the phone or over the

Internet.   Specifically, Amerihome's actual costs to its various vendors who facilitate the tele-phonic and electronic payments charge pennies for the transaction, but Amerihome imposes fees ranging from 10 to 25 times more than its actual costs.

3.      In this action, Baxter also challenges Amerihome's unfair and deceptive mortgage servicing practices which wrongfully infected the terms and agreements of her mortgage loan in the following ways:

a.      First, Amerihome improperly inflated and miscalculated sums allegedly due for Baxter's hazard insurance which resulted in it sending her knowingly false, unfair, or deceptive escrow disclosures that demanded tax sums not lawfully due on her loan related to the escrow portion of her loan.

b.      Second, Amerihome improperly inflated and miscalculated sums allegedly due for Baxter's property taxes which resulted in it sending her knowing false, unfair, or deceptive escrow disclosures that demanded tax sums not lawfully due on her loan related to the escrow portion of her loan.

c.      Third, Amerihome utilizes an unlicensed vendor to conduct mortgage ser-vicing activities in relation to Baxter utilizing Amerihome's name which is not permitted under state law and pursuant to Amerihome's license as a mortgage lender to operate in the State of Maryland and the express terms of Baxter's loan.  Upon information and belief that vendor infected Baxter's relationship with her hazard insurance company, i.e. State Farm insurance, and caused Baxter's policy with State Farm to be canceled based on Amerihome's false representations to it so that Amerihome would be able to force place hazard insurance onto Baxter's mortgage account and Amerihome and its vendor would be unjustly enriched as a result.

d.    Fourth, Amerihome has imposed late fees on Baxter's mortgage account even though she has made all her required and lawfully due payments by the grace period subject to her loan.

e.    Fifth, when Baxter attempted to make certain reasonable inquiries to Amerihome about the irregularities in its servicing of her loan, Amerihome (i) did not timely acknowledge the correspondence (and knowingly backdated its correspondence to appear timely) and (ii) then falsely claimed responding to Baxter's reasonable inquiries concerned "proprietary information" and was "unduly broad or burdensome" and it refused to reasonably respond to Baxter's inquiry based upon its unfair and deceptive boilerplate responses which are not permitted under Federal and State law.

4.    As a result of Amerihome's practices described herein, Baxter and the putative class members have sustained damages and losses since their rights and protections under the law have been disregarded by Amerihome.  These damages and losses include the imposition and collection of fees by Amerihome which it has no right to impose and collect. In addition, Baxter's individual damages include the imposition of additional collection and forced place insurance costs which could have been avoided but for Amerihome's improper and unfair policies and practices.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction asserted for the claims herein because Amerihome transacts business, performs work in, and has interest in real property, and provides services in Maryland and Baltimore County County, Maryland.   *See e.g. Pacific Mortg. and Inv. Group, Ltd. v. Horn*, 100 Md.App. 311, 324 (Md.App.,1994)(a person who "buys and sells [] mortgage liens has done more than merely transacted business…but has, in fact, carried on a regular business").

6.    This Court also has jurisdiction for the claims asserted because the injuries caused by Amerihome to the Plaintiff and certain of the putative class members occurred in Maryland.

7.    Further, Amerihome owns real property, or has an interest in real property in the State of Maryland and Baltimore County thereby subjecting itself to the jurisdiction of this Court.

8.    The Court has declaratory judgment authority pursuant to CTS & JUD. PROC. § 3-409.

## PARTIES

9.    Plaintiff Tonda Baxter ("Baxter") is a natural person who owns the real property known as ("Baxter Property"). Baxter is also the borrower on the mortgage loan subject to this action which is associated with the Baxter Property and was utilized entirely for personal, consumer purposes ("Baxter Loan"). The Baxter Loan is a federally related mortgage.

10.    Defendant Amerihome is a collector and a licensed mortgage lender/servicer in the State of Maryland (NMLS Lic. No. 22750). AmeriHome is a Delaware limited liability company that is owned 100% by Aris Mortgage Holding Company, LLC. Amerihome qualifies as a mortgage servicer pursuant to 12 C.F.R. § 1024.2 since it holds and is responsible for the servicing Baxter's federally related mortgage loan (as that term is defined by 12 U.S.C.A. § 2602(1). In relation to the Baxter Loan and certain putative class members, Amerihome qualifies as a "lender" pursuant to COM. LAW § 12-101(f) and also as a mortgage lender/servicer pursuant to the Maryland Mortgage Lender Law, Fin. Inst. § 11-501, *et seq.* ("MMLL"). Amerihome is not licensed pursuant to the MMLL to perform mortgage lending or servicing in relation to Baxter and the putative class members at any business location in the State of South Carolina. Amerihome is also a credit grantor pursuant to COM. LAW § 12-1001(g). But it is not licensed as a mortgage lender/serivicer

under the MMLL to do business in relation to Ms. Baxter from any branch location in South Carolina as required by COM. LAW § 12-1015 and MMLL

## FACTUAL ALLEGATIONS

### *General Allegations About Amerihome's Knowledge*

11.    All persons, including licensed mortgage lender/servicers in the State of Maryland like Amerihome, are expected to know the law—including the laws governing their activities.  As part of its license to even conduct business in the State of Maryland, Amerihome "has a duty of good faith and fair dealing in communications, transactions, and course of dealings with a borrower in connection with the advertisement, solicitation, making, servicing, purchase, or sale of any mortgage loan." MD. CODE REGS. 09.03.06.20. Baxter and other Maryland borrowers like Baxter are third party beneficiaries of MD. CODE REGS. 09.03.06.20.

12.    The Court of Appeals in 2005 recognized that a real estate professional who had no direct communication with a borrower nevertheless had a duty to the consumer under the Maryland Consumer Protection Act and Maryland common law to make a "reasonable investigation" of the true facts in the real estate transaction on which the borrower (and other parties) would rely in order to complete the transaction.  *Hoffman v. Stamper*, 385 Md. 1, 867 A.2d 276 (2005).  This duty of care applies to Amerihome as its work involves secured, consumer mortgage loans subject to Maryland and Federal laws those discussed herein.

13.    Pursuant to 12 C.F.R. § 1024.38(b)(1)(i), Amerihome is required to "[p]rovide accurate and timely disclosures to a borrower as required by [12 C.F.R. § 1024.38] or other applicable law."  Pursuant to 12 C.F.R. § 1024.35(b)(5), Amerihome is not permitted to "impos[e]… a

fee or charge that the servicer lacks a reasonable basis to impose upon the borrower." It is unreasonable and a violation of its duties for Amerihome to impose and collect sums never properly agreed to by the borrower pursuant to Md. Code Regs. 09.03.06.08.

14.    Pursuant to 12 U.S.C.A. § 2605(k)(1)(A) Amerihome has duties to the Plaintiff not to "obtain force-placed hazard insurance unless there is a reasonable basis to believe the borrower has failed to comply with the loan contract's requirements to maintain property insurance." In addition, Amerihome is only permitted to obtain forced place insurance if a borrower failed to maintain or renew her hazard insurance. 12 U.S.C.A. § 2605(k)(2). Baxter never failed to acquire and maintain property insurance on the Baxter Property.

15.    Amerihome has duties to the Plaintiff and the putative class members to (i) take appropriate steps to avoid foreclosure (and not churn the collection of fees and costs not permitted under the law or actually incurred) and (ii) comply with any other obligation(s) found by the Bureau of Consumer Financial Protection (by regulation) to be appropriate to carry out the consumer protection purposes of 12 U.S.C.A. § 2605. Amongst these obligations are the servicer's duties to comply with state laws and regulations that are not expressly preempted by RESPA; in other words, Congress and the CFPB expressly intended for RESPA to work in concert with state regulation. *See e.g.* 12 U.S.C.A. § 2605(h) and 12 C.F.R. § 1024.33(d) (expressly limiting preemption to certain notice issues).

16.    The Maryland Mortgage Fraud Protection Act, REAL PROP. § 7-401, *et seq.*, establishes a statutory duty upon Amerihome to disclose to mortgage borrowers, homeowners, and its predecessor servicers with respect to the mortgage lending process in an honest and truthful manner. *Ademiluyi v. PennyMac Mortgage Inv. Trust Holdings I, LLC*, 929 F. Supp. 2d 502, 531 (D. Md. 2013); *Castle v. Capital One, N.A.*, No. CIV.A. WMN-13-1830, 2014 WL 176790, at *5 (D.

Md. Jan. 15, 2014; *Stovall v. SunTrust Mortgage, Inc.*, No. CIV.A. RDB-10-2836, 2011 WL 4402680 (D. Md. Sept. 20, 2011).

**Factual Allegations Relevant to Plaintiff Baxter**

17.    Baxter acquired the Baxter Property on or about June 26, 2018.  As part of Baxter's acquisition of the Baxter Property, she utilized a FHA Loan arranged by NRM, Inc.  ("NFM") and obtained an extension of credit for the sum of $284,747.00 from NRM ("Baxter Loan").  The proceeds of the Baxter Loan were utilized entirely for personal, consumer purposes by Baxter. NFM and Baxter agreed in the written Note that memorialized the terms of their agreements, that the Baxter Loan would be governed by Maryland's Credit Grantor Closed End Credit Provisions, COM. LAW § 12-1001, et seq. ("CLEC").  *See* COM. LAW § 12-1001(g)(2)(iii)(applying CLEC to assignees of a CLEC loan).  The Baxter Loan also qualified as a federally related mortgage when it was originated.

18.    Upon information and belief NRM and Amerihome communicated about the Baxter Loan before it was settled and it was anticipated that NRM would simply act as Amerihome's correspondent lender in the transaction and before the loan was funding Amerihome knew it was going to acquire it immediately after the settlement.  This belief is based in part the timing of the post-settlement transfer of Bacter's loan to Amerihome.

19.     The terms of the Baxter Loan are also subject to guidelines established by the Federal Housing Administration ("FHA") which are publicly available to the Defendant and summarized in various publications such as the Federal Housing Administration's (FHA) *Single Family Housing Policy Handbook* 4000.1 ("SF Handbook") which is a consolidated, consistent, and comprehensive source of FHA Single Family Housing policy.

20.    Amerihome voluntarily elected by acquiring the Baxter Loan to comply with the SF Handbook published by the FHA and the other FHA guidelines governing the Baxter Loan as well as CLEC. Amerihome became the servicer of the Baxter Loan by assignment on or about July 11, 2018.

21.    Amerihome voluntarily elected to acquire the Baxter Loan and follow the SF Handbook. Pursuant to the SG Handbook, Amerihome has duties:

a.    To "comply with all laws, rules, and requirements applicable to mortgage servicing." SG Handbook at Page 609 at § III(A)(1)(a)(ii)(A).

b.    To timely make all escrow payments, including insurance payments, that come due on a mortgage account. SG Handbook at Page 621 at § III(A)(1)(g)(iv)(A)(1).

c.    To not use any funds held in escrow for any purpose other which they were paid by the borrower. SG Handbook at Page 623 at § III(A)(1)(g)(v).

d.    To allow borrowers to choose their hazard insurance companies. SG Handbook at Page 623 at § III(A)(1)(h).

22.    As shown *infra*, Amerihome and its authorized vendor(s) unfairly and deceptively breached their duties described in the previous paragraph.

23.    When Baxter acquired the Baxter Property, she retained hazard, homeowners insurance with State Farm Insurance with the coverage required under the FHA guidelines governing the Baxter Loan. That policy named "NFM, Inc. dba NFM Lending, a Maryland Corporation" and its "Successors And/Or Assigns" as additional insureds under the policy; this reference protected Amerihome under the policy. Thereafter, Baxter made all her require payments on the Baxter Loan, including the escrow portion of the payment in reliance to Amerihome's duties to pay timely pay State Farm when her premium came due.

24.     When Amerihome became Baxter's mortgage servicer it knew was properly insured as NFM's assignee and it received at or near the time of transfer a copy of Baxter's insurance declaration page. Further demonstrating its knowledge, Amerihome sent to Baxter an Annual Escrow Statement dated June 24, 2019 which indicated it knew her anticipated annual insurance payment of approximately $1,021.00 was due to be paid to State Farm that money. Amerihome knew the State Farm policy number, knew the State Farm address, but never made the required payment despite its obligation to do so under the terms of Baxter Loan, FHA guidelines, and Federal and State laws governing its activities.

25.     On July 15, 2019, Baxter called Amerihome and accepted its offer for it to accept her July 2019 payment of $2,232.92 by telephone through an ACH authorization. Amerihome misrepresented to Baxter that she was required to pay it a convenience fee for the telephone transaction involving a partial payment of the interest and principal due from Baxter on the Baxter Loan when in fact under Maryland law, Amerihome was not permitted to impose and/or collect such a fee. In reliance to Amerihome's unfair and deceptive statement concerning the convenience fee she paid it to Amerihome. In further contravention of Maryland law, Amerihome also unfairly and deceptively imposed and collected convenience fees from Baxter in relation to her partial payments due on the Baxter Loan for accepting payments by telephone or over the Internet on October 19, 2018, November 14, 2018, August 15, 2015, September 13, 2019, and January 15, 2020.

26.     Notwithstanding that Amerihome had received the July 2019 payment by ACH transfer on July 15, 2019, it wrote to Baxter in correspondence on July 17, 2019 and unfairly and falsely claimed Baxter's July 2019 payment remained unpaid.

27.     Notwithstanding that Baxter had paid all sums due from her on the Baxter Loan, including all escrow sums due, and she had relied on Amerihome's promise and duty to pay the

hazard, property insurance, Amerihome did not pay State Farm the premium owed and the policy was canceled.  Neither did Amerihome contact its predecessor in interest to investigate whether it had received any premium notices from State Farm.

28.      Rather than pay the cheaper premium owed to State Farm, which was the insurance company selected by Baxter, Amerihome forced placed insurance on the Baxter Property from its unlicensed business location in the State of South Carolina by falsely claiming in written statement dated July 26, 2019 that Baxter's insurance was expiring.  This correspondence came from Amerihome from a business location in South Carolina where it is not licensed as a mortgage lender/servicer which is a crime under Maryland law, i.e. MMLL, and a violation of COM. LAW § 12-1015.

29.      Amerihome then later imposed unreasonable, forced place insurance from its unlicensed South Carolina business location which is designed simply to increase its illegal profits, directly and indirectly, by imposing insurance on Baxter much more expensive that her State Farm policy Amerihome refused to pay by hundreds of dollars (even though it had the information to do so and Baxter had paid all requirement payments to do so in escrow) and with unreasonable coverage that in its own words provides little or no coverage to Baxter:

- **The hazard insurance we obtained <u>only</u> covers the structure of your home (for example, the building, walls, floors, roof and permanent attachments).**
  - It does <u>not</u> cover your furniture or any of your other personal belongings.
  - It does <u>not</u> cover the cost of temporarily living outside of your home because it was damaged and is being repaired.
  - It does <u>not</u> cover any liability incurred by you personally or someone who is injured while on your property.

Correspondence dated September 4, 2019.

11

30.    As a result of Amerihome's unfair and deceptive infecting her relationship with State Farm insurance and forcing upon her its own unqualified and excessively expensive insurance with an annual premium of $1,799.00 which was hundreds of dollars more than her commercially reasonable policy with State Farm.

31.    As a result of Amerihome's unfair and deceptive mortgage servicing of her loan and demands for sums not owed or legally enforceable and its utilization of collection methods not permitted under Maryland law, Baxter became angry, frustrated, anxious, and sleepless about the entire situation since Amerihome was using methods of collection inappropriate to her current mortgage account status.

32.    To further its unlawful collection methods Amerihome conducted another Annual Escrow Accounting of the Baxter Account just months after the last one so it could increase the sums it could demand Baxter pay it as a result of its unfair and deceptive practices.

33.    In reliance to Amerihome's acts and omissions, Baxter attempted to resolve the issue with Amerihome's telephone representatives but they were not trained to address this situations and simply offered no meaningful assistance.  Amerihome disclosed to Baxter that it records those calls in each instance as part of its routine business.

34.    In further reliance Baxter wrote to Amerihome in a Qualified Written Request/Notice of Error dated February 5, 2020 and sent it to the four addresses for Amerihome had shared with her from which it does business:

Amerihome Mortgage
P.O. Box 11733
Newark, NJ 07101-4733
&
Amerihome Mortgage
P.O. Box 202028
Florence, SC 29502-2028
&
Amerihome Mortgage
P.O. Box 77407
Ewing, NJ 08628
&
Amerihome Mortgage
P.O. Box 77404
Ewing, NJ 08628

35.    Ameihome received all four copies of Baxter's QWR/Notice of error.

36.    In the February 5, 2020 QWR/Notice of Error, Baxter specifically disputed the servicing of her loan, misapplication of her escrow payments, fees imposed and collected from her for taking her payments over the telephone, imposition of late fees, and other related issues.

37.    On February 22, 2020, Amerihome acknowledged Baxter's QWR/Notice of Error in backdated correspondence dated February 12, 2020.   The envelope was not postmarked by Amerihome's postage meter until February 22, 2020.    The acknowledgement was therefore untimely and deceptive.  Baxter did not receive the response until February 27, 2020.

38.    In correspondence dated February 28, 2020 but not received by Baxter until April 1, 2020, Amerihome:

        a.    Falsely claimed that the Baxter's QWR/Notice of Error was not sent to the correct address but the address Amerihome requested it be sent is not published by Amerihome either on its monthly statements or its website.

b.      Unlicensed sub-servicer, Cenlar FSB and its employee Elisa Valenzuela to responded to the QWR without disclosing the affiliation and concealed status of Cenlar FSB d/b/a Amerihome.

c.      Provided an inaccurate payoff statement of the Baxter Loan that was expired by the time the response was delivered to Baxter.

d.      Admitted it knew about the State Farm policy Baxter had for her property, hazard insurance.

e.      Did not provide any basis upon which it believes it is authorized to impose and collect convenience fees for payments accepted by it over the telephone.

f.      Failed to reasonably respond to other requests by Baxter except to make the improper conclusory and false and deceptive statement that the remaining issues and requests were unrelated to the servicing of the loan, unduly burdensome, or concerning proprietary information.

39.     Amerihome also voluntarily elected to acquire the Baxter Loan that is subject to the terms and conditions of CLEC.  Pursuant to CLEC, Amerihome has duties to:

a.      Not impose fees for borrowers to obtain a payoff statement and release of their loans not paid to a government agency.  However, Amerihome did so attempt to impose upon the Baxter Loan an unauthorized fee to Baxter in a payoff statement dated February 18, 2020. COM. LAW § 12-1024.

b.      Not impose convenience fees for accepting payments by phone as described *supra* pursuant to COM. LAW § 12-1005(a)(2)(i) since Amerihome and Baxter have never entered into any "agreement, note, or other evidence of the loan so provides and the borrower agrees in writing to pay those charges."

c.      Limit its annual escrow accounting to a period of 12 months and not more often for the purpose of collecting additional sums from the borrower as Amerihome did in this case as described *supra*.  COM. LAW § 12-1026.

d.      Not utilize the escrow funds collected to indirectly collect payments of other charges, including service charges, to its unlicensed business affiliates acting on its behalf in the management of Baxter's escrow account in South Carolina who imposed excessive insurance premiums with little or no benefit to Baxter.  COM. LAW § 12-1026.

e.      Is not permitted to do business in relation to Ms. Baxter from a location where it is not licensed as a mortgage lender/servicer pursuant to the MMLL.  COM. LAW § 12-1015.

40.    The Baxter Loan does not permit Amerihome to charge convenience fees for accepting payments from Baxter related to the Baxter Loan by telephone or by the Internet.

41.    Notwithstanding that there is no written agreement between Baxter and Amerihome for Amerihome to impose and collect convenience fees from Baxter, Amerihome has done so without the right to do so.

42.    In each of the convenience fee payments identified *supra* by Baxter, constitute a portion of Baxter's payments were partial payments to her then outstanding unpaid indebtedness then due under the Baxter Loan.

43.    The Baxter Loan is not satisfied.

44.    Baxter has been damaged and sustained losses as a proximate cause of Amerihome's improper, unfair, and/or deceptive practices in relation to the collection of the Baxter Loan including:

15

a.      Payment and collection of convenience fees not permitted as a matter of Maryland law and the terms and conditions of the Baxter Loan.

b.      The cancellation of her State Farm policy due to Amerihome's non-payment of the premium due which it had a fiduciary duty to pay since it had the funds and knowledge of the policy from its predecessor in interest.

c.      Imposition of fees and other direct and indirect charges for the excessive, improper forced placed insurance by Amerihome from its unlicensed business location in South Carolina without the right to do so.

d.      Damage to Baxter's reputation by putting her in a false, negative light based on inaccurate statements about Baxter's State Farm insurance policy

e.      Emotional damage manifested by anger, fear, worry, and anxiety that Amerihome would take her home and property without the right to do so based on misstatements and other unfair conduct in relation to Baxter and her home and property.

45.     Baxter is also entitled to statutory damages as discussed *infra*.

## CLASS ALLEGATIONS

46.      The Named Plaintiff brings certain claims, *infra*, on behalf of classes of similarly situated persons related to Defendant Amerihome under MD. RULE 2-231 defined as follows:

a.      **Maryland Usury Fee Class:** Baxter proposes, as the definition of the Maryland Convenience Fee Class, that it be defined as follows:

> Those persons in the State of Maryland for whom for whom (i) Amerihome has acted as a maker of a mortgage loan related to a secured, mortgage loan at any time or a mortgage servicer of a mortgage loan owner related to a secured, mortgage since January 1, 2019; (ii) where Amerihome charged their mortgage loan accounts with convenience fees for it accepting whole or partial payments; and (iii) the mortgage loan accounts had not been satisfied more than six months before the commencement of this action.

16

      b.    **Maryland MCDCA Class:** Baxter proposes, as the definition of the MCDCA Class, that it be defined as follows:

> All individuals in Maryland who since October 1, 2018 (i) paid a "convenience fee," (ii) collected in whole or in part by Amerihome, (iii) in order to make a payment on a residential mortgage debt, and (iv) where the term "convenience fee" was not specifically enumerated in the original agreement (or written amendments thereto) creating such debt.

47.    Baxter qualifies as a member of the Maryland Usury Fee Class and the Maryland MCDCA Class and proposes to be appointed by the Court as the Named Plaintiff for the Maryland Usury Fee Class and the Maryland MCDCA Class.

48.    Excluded from each of the putative classes are any person who falls within the definitions if the person is (i) an employee or independent contractor of Amerihome; (ii) a relative of an employee or independent contractor of the Amerihome; or (iii) an employee of the Court where this action is pending.

49.    The Maryland Usury Fee Class and the Maryland MCDCA Class definitions in ¶ 46 as limited by ¶ 48 may be amended or modified.

50.    The particular members of the (i) Maryland Usury Fee Class and (ii) the Maryland MCDCA Class are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of Amerihome or its affiliates and agents and from public records. Amerihome is required to maintain this information for the entire class periods. *See e.g.* Md. Code Regs. 09.03.06.04.

51.    The putative classes are sufficiently numerous and exceed more than one hundred persons each, such that individual joinder of all members is impractical. This allegation is based

on a data search of public records which identify public complaints have been filed against Amerihome showing that it services approximately one hundred or more residential, mortgage loans and was the maker of more than 100 loans in Maryland.

52.     There are questions of law and fact common to the (i) Maryland Usury Fee Class and (ii) the Maryland MCDCA Class which predominate over any questions affecting only individual members of the putative classes. The wrongs alleged against Amerihome by (i) Maryland Usury Fee Class and (ii) the Maryland MCDCA Class members and the remedies sought by Named Plaintiff and the putative class members against the Amerihome are identical.

53.     The common questions of law or fact for the Maryland Usury Fee Class include but are not limited to:

a.     Whether Amerihome is entitled to convenience fees on the mortgage loan accounts of the Usury Convenience Fee Class members for accepting whole or partial payments from the class members by telephone or the Internet;

b.     Whether Amerihome is entitled to demand convenience fees on the mortgage loan accounts of the Usury Convenience Fee Class on its behalf or on behalf of another;

c.     Whether this Court may declare that Amerihome's practices and policies concerning the assessment of convenience fees for accepting whole or partial payments against the mortgage loan accounts of the Usury Convenience Fee Class members violate COM. LAW § 12-105(d);

d.     Whether the convenience fee charges by Amerihome the Named Plaintiff's and Usury Convenience Fee Class members' accounts constitute "interest" as that term is defined in COM. LAW § 12-101(e) and therefore also constitute "usury" as that term is defined in COM. LAW § 12-101(k); and

e.    Whether Amerihome is liable for statutory damages pursuant to the Usury Convenience Fee Class members pursuant to COM. LAW § 12-121(a)(1)(ii) for each instance in which Freedom has imposed improper convenience fees upon the Usury Convenience Fee Class members.

54.    The common questions of law or fact for the Maryland MCDCA Class include but are not limited to:

a.    Whether Amerihome qualifies as a "collector" as that term is defined under the MCDCA;

b.    Whether Amerihome's conduct, directly or indirectly, violated the MCDCA;

c.    Whether the members of the class are entitled to the convenience fees collected from them as actual damages.

55.    Amerihome's defenses (which defenses are denied) would be typical or identical for each of the member of (i) Maryland Usury Fee Class and (ii) the Maryland MCDCA Class will be based on the same legal and factual theories.

56.    Certification of (i) Maryland Usury Fee Class and (ii) the Maryland MCDCA Class under MD. RULE 2-231 is appropriate as to the members of the putative classes in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy.

57.    A class action will cause an orderly and expeditious administration of claims by the members of the (i) Maryland Usury Fee Class and (ii) the Maryland MCDCA Class and economies of time, effort and expenses will be fostered and uniformity of decisions will be insured.

58.    The only individual questions concern the identification of members of the (i) Maryland Usury Fee Class and (ii) the Maryland MCDCA Class.  This information can be determined by a ministerial examination of public records or from Amerihome's business records or other sources, which are admissible as an exception to the hearsay rule and as a statement by a party.

59.    Baxter's class claims are typical of the claims of the (i) Maryland Usury Fee Class and (ii) the Maryland MCDCA Class members pursuant to MD. RULE 2-231 since they are based on and arise out of identical facts constituting the wrongful conduct of the Amerihome (directly and indirectly).

60.    Baxter will also fairly and adequately represent and protect the interests of (i) Maryland Usury Fee Class and (ii) the Maryland MCDCA Class.  Baxter is similarly situated with, and has suffered similar injuries as, the putative classes she proposes to represent. She has also retained counsel experienced in consumer class actions including actions involving unlawful collection and mortgage servicing practices.  Baxter does not have any interests which might cause her not to vigorously prosecute this action or are otherwise adverse to the interests of the members of the (i) Maryland Usury Fee Class and (ii) the Maryland MCDCA Class. She feels that she and the putative class members have been wronged, wishes to obtain redress of the wrong, and wants Amerihome stopped from failing to comply with its mandatory duties that form the basis of the class claims.

61.    The (i) Maryland Usury Fee Class and (ii) the Maryland MCDCA Class members have suffered actual damages, losses, and harm similar those sustained by Baxter including statutory damages

**COUNT I: VIOLATIONS OF MARYLAND'S CONSUMER DEBT COLLECTION ACT ("MCDCA"), COM. LAW § 14-201, *et seq., &* MARYLAND CONSUMER PROTECTION ACT ("MCPA"), COM. LAW §§ 13-101 *et seq.***
**(On behalf of the Plaintiff Baxter Individually and**
**on behalf of Baxter and the Maryland MCDCA Class)**

62.     Baxter adopts by reference the factual allegations contained in the preceding paragraphs of this Complaint with the same effect as if herein fully set forth.  This claim is brought on behalf of Baxter individually and as the named plaintiff on behalf of the Maryland MCDCA Class against Amerihome.

63.     At all times described herein since October 1, 2018, Amerihome has acted as a collector by attempting utilizing methods of collection, directly and indirectly, upon alleged, invalid debts and sums claimed due from Baxter and the Maryland MCDCA Class members arising out of consumer transactions—their mortgages loan used for personal, consumer purposes related to the Property.  COM. LAW §14-201(b).  In other words, Amerihome has used an improper method of collection for the purpose of churning unlawful fees and charges not owed or due.

64.     Amerihome is aware of the Federal and State laws governing its activities described herein but recklessly disregarded those laws and duties without any consideration of the negative consequences to Baxter or the Maryland MCDCA Class members respectively.  Since Amerihome utilizes unlicensed vendors to conduct its business with Baxter and the class members (which is a crime in Maryland), it does not utilize adequate policies and procedures to in its collection practices and other methods of collection.

65.     Amerihome, directly and on behalf of others indirectly, also attempted to collect and did in fact collect unlawful convenience fees for accepting payments by telephone from Baxter and the Maryland MCDCA Class members in violation of the terms of the documents governing their loans and Maryland law and regulation which do not authorize such fees.

66.     Maryland's debt collection and mortgage lending laws which outline Amerihome's duties under Maryland law do not permit Amerihome to utilize methods and means of collection not permitted by law or the relationship governing the parties.  Amerihome knows the law.  However, it knowingly and recklessly attempted to interfere or otherwise infect Baxter's and the Maryland MCDCA Class members' rights on the basis of alleged sums not lawfully due.  By such acts Amerihome has engaged in conduct which violates §§ 804 through 812 of the Federal Fair Debt Collection Practices Act including but not limited to 15 U.S.C. §§ 1692e, § 1692f. COM LAW §14-202(11).

67.     Amerihome directly and indirectly claims that Named Plaintiff and the Maryland MCDCA Class members are required to pay a convenience fee under Maryland law for making a partial payment on their mortgage payment over the telephone or by the Internet also violates COM. LAW § 14-202(8) when Amerihome knows such fees are unlawful in Maryland.

68.     Amerihome's violations of the MCDCA are also *per se* violations of the MCPA. COM. LAW § 13-301(14)(iii).

69.     The mortgage loan servicing and collection practices described herein by Amerihome in relation to Baxter and the Maryland MCDCA Class members concerning the imposition and collection of convenience fees for accepting payments from borrowers by telephone and/or the Internet as set forth herein, are governed by the Maryland Consumer Protection Act ("MCPA"), COM. LAW. § 13-101, *et seq*.

70.     COM. LAW. § 13-303 prohibits unfair or deceptive trade practices in the extension of consumer credit or collection of consumer debts. The collection and attempted collection of the convenience fees by Amerihome related to its consumer, debt collection practices by imposing

and collecting unfair convenience fees involves both the extension of credit and the collection of debts.

71.    COM. LAW. § 13-303 also prohibits unfair or deceptive trade practices in the sale or provision of consumer services, such as those provided by Amerihome.

72.    The MCPA defines unfair or deceptive trade practices to include, *inter alia*, the following: (a) False, falsely disparaging, or misleading oral or written statement, visual description or other representation of any kind which has the capacity, tendency or effect of deceiving or misleading consumers; and (b) Failure to state a material fact if the failure deceives or tends to deceive. COM. LAW §§13-301(1) and (3).

73.    Amerihome's acts and omissions described herein, and including but not limited to seeking and demanding sums not legally or contractually due from Baxter and the Maryland MCDCA Class members, constitute unfair and deceptive trade practices in violation of COM. LAW § 13-301(1)(3) and COM. LAW §§13-303(4)(5). Alternatively, Amerihome's inflated charges far in excess of its actual costs is unfair or deceptive.

74.    Baxter and the Maryland MCDCA Class members reasonably relied upon the direct and indirect material acts and actions of Amerihome as exemplified *supra* and further demonstrated herein (i) by their communications with Amerihome, and (ii) their payment of the illegal convenience fees demanded by Amerihome. Amerihome's acts omissions are simply unreasonable, abusive, unfair, and deceptive.

75.    Had Amerihome not acted unfairly and deceptively, Baxter and the Maryland MCDCA Class members would not have suffered the damages and losses they have described *supra*.

76.    Plaintiff has pled sufficient facts to put Amerihome on notice as to the claims against each as exemplified *supra* (i.e. dates of key acts and representations of Amerihome and its agents and representatives and platforms; and the regulatory and statutory duties of Amerihome which it simply ignored and thereby infected the subject transactions to ensure harm and damage to Baxter and the Maryland MCDCA Class members).

### COUNT II: CLAIM PURSUANT TO COM. LAW § 12-121(a)(1)(ii)
### (On behalf of the Plaintiff Baxter Individually and
### on behalf of Baxter and the Usury Convenience Fee Class)

77.    Baxter adopts by reference the factual allegations contained in the preceding paragraphs of this Complaint with the same effect as if herein fully set forth.  This claim is brought on behalf of Baxter individually and as the named plaintiff on behalf of the Usury Convenience Fee Class against Amerihome.

78.    As the maker and/or servicer of the Named Plaintiff's and Usury Convenience Fee Class members' loans, Amerihome qualifies as a lender pursuant to COM. LAW § 12-101(f).

79.    COM. LAW § 12-105(d) prohibits a lender from imposing fees related to a borrower's partial or full payment on the Named Plaintiff's and Usury Convenience Fee Class members after the origination of the subject loans.  COM. LAW § 12-105(d) does not exempt Amerihome from its express prohibition.

80.    Amerihome was not entitled to require any charge to the mortgage loan accounts of the Named Plaintiff and Usury Convenience Fee Class members related to the borrower's partial or full payments on their loans over the telephone or by the Internet.

81.    At all times relevant and material to this action, Amerihome has known or should have known that it was not permitted to require the imposition of unauthorized 'convenience' fees to the mortgage accounts of the Named Plaintiff and the Usury Convenience Fee Class members

who make partial or whole payments on their mortgage loans since all persons are expected to know the law.

82.    COM. LAW § 12-114(a)(1)(ii) provides that the Defendant shall forfeit to borrowers like the Named Plaintiff and Usury Convenience Fee Class Members the sum of $500 for any violation, including the assessment of so-called convenience fees for partial or whole payments made by telephone to it, of the subtitle including COM. LAW § 12-105(d).

83.    The Named Plaintiff and Usury Convenience Fee Class members are entitled to the sum of $500 for each instance in which Amerihome has imposed fees against the mortgage loan accounts of the Named Plaintiff and the Usury Convenience Fee Class members in violation of COM. LAW § 12-105(d) whether the Named Plaintiff and Usury Convenience Fee Class members paid the assessment or not.

**COUNT III: <u>DECLARATORY JUDGMENT</u>**
**CTS & JUD. PROC. § 3-409 & COM. LAW § 12-1018(a)(2)**
**(On behalf of the Baxter Individually against**
**Amerihome)**

84.     Baxter adopts by reference the factual allegations contained in the preceding paragraphs of this Complaint with the same effect as if herein fully set forth.  This claim is brought on behalf of Baxter individually against Amerihome.

85.    By disregarding the remedial rights and protections for Baxter stated in CLEC and imposing and collecting sums from Baxter and taking actions against the Baxter Loan not authorized by CLEC as discussed *supra*, Amerihome as a credit grantor under CLEC is only permitted to "collect only the principal amount of the [Baxter Loan] and may not collect any interest, costs, fees, or other charges with respect to the loan" from Baxter.  COM. LAW § 12-1018(a)(2).  Notwithstanding this clear prohibition, Amerihome is continuing to demand 'interest,

costs, fees, or other charges' from Baxter since it received and responded to Baxter's Qualified Written Request/Notice of Error.

86.    Amerihome is an assignee of the Baxter Loan originated by NFM and by CLEC's express terms it is subject to CLEC.  Also, Amerihome merely stands in the shoes of NFM has no greater rights than it had to give anyone in relation to the Baxter Loan.  Notwithstanding this clear statement of Maryland law, Amerihome is demanding greater rights than NFM ever had on the Baxter Loan to give anyone and it is not permitted to demand as a matter of law.

87.    As a result of Amerihome's acts and omissions related to CLEC as described herein, a controversy exists between (i) Baxter and (ii) Amerihome concerning the sums lawfully due on the Baxter Loan from March 2020 to the filing of this Complaint and how Amerihome has applied those payments.

88.    Amerihome has received written and oral notice of Baxter's complaints about its violations of CLEC and it has not taken any steps to cure its CLEC violations.

**PRAYER FOR RELIEF**

A.  WHEREFORE, Pursuant to Count I of this Class Action Complaint, Named Plaintiff requests the Court to certify the Maryland MCDCA Class pursuant to MD. RULE 2-231 and appoint the Named Plaintiff as class representative and the undersigned counsel as Class Counsel;

B.  WHEREFORE, Pursuant to Count I of this Class Action Complaint, Named Plaintiff and the Maryland MCDCA Class members ask this Court to determine the issue of Amerihome's liability to the Maryland MCDCA Class members under the MCDCA and MCPA and award: (i) actual damages for its violations of COM LAW §14-202(8)(11), COM. LAW § 13-

301(1)(3), and COM. LAW §§13-303(4)(5) pursuant to COM. LAW § 14-203 and COM. LAW § 14-408; (ii) reasonable attorney fees and reasonable costs as permitted and authorized by COM. LAW § 13-301(14)(iii) and COM. LAW § 13-408(b); and (iii) in a total sum in excess of $75,000 (on a aggregated basis for the Plaintiff and Maryland MCDCA Class members).

C.  WHEREFORE, Pursuant to Count II of this Class Action Complaint, Named Plaintiff requests the Court to certify the Usury Convenience Fee Class pursuant to MD. RULE 2-231 and appoint the Named Plaintiff as class representative and the undersigned counsel as Class Counsel;

D.  WHEREFORE, Pursuant to Count II of this Class Action Complaint, Named Plaintiff and the Usury Convenience Fee Class members ask this Court to determine the issue of Amerihome's liability to the Usury Convenience Fee Class members and grant a money judgment in their favor and against Amerihome and order Defendant Amerihome to pay and forfeit pursuant to COM. LAW § 12-114(a)(1)(ii) to the Named Plaintiff and the Usury Convenience Fee Class members $500 for each violation of COM. LAW § 12-105(d) and reasonable attorney fees and costs for the assessment of so-called convenience fees for partial or whole payments made by telephone or by the Internet to it in a total sum in excess of $75,000.00 (on a aggregated basis for the Plaintiff and Usury Convenience Class member members).

E.  WHEREFORE, Pursuant to Count III of this Class Action Complaint and CTS

27

& JUD. PROC. § 3-409 and COM. LAW § 12-1018(a)(2), to find and declare that (i) the relationship between Amerihome on the one hand and Baxter on the other hand in relation to the Baxter Loan is subject to CLEC and Amerihome is entitled to no greater rights in relation to the Baxter Loan than its assignor(s) had to give them; (ii) since March 2020 through the filing of this Complaint Amerihome  wrongfully imposed and collected certain fees, interest, and costs from Baxter that are barred by CLEC or otherwise acted in contravention of CLEC and (iii) as a result of its CLEC violations, Amerihome may not collect or attempt to collect any interest, costs, fees, or other charges with respect to Baxter Loan pursuant to COM. LAW § 12-1018(a)(2).

F.   WHEREFORE, Named Plaintiff requests the Court provide such other or further relief as the Court deems appropriate including attorney fees and costs in relation to Count of this Complaint.

Respectfully submitted,

*//s//Phillip R. Robinson*
Phillip R. Robinson
Client Protection No. 0006210356
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD  20910
Phone (301) 448-1304
phillip@marylandconsumer.com

*Attorneys for the Plaintiff and Putative Class Members*

## **RULED 20-201 CERTIFICATION**

I hereby certify that this filing does not contain any restricted information.

> */s/Phillip R. Robinson*
> Phillip R. Robinson
> Client Protection No. 0006210356
> Consumer Law Center LLC
> 8737 Colesville Road, Suite 308
> Silver Spring, MD  20910
> 301-448-1304
> phillip@marylandconsumer.com
> *Attorneys for the Plaintiff and Putative Class Members*

**JURY DEMAND**

Plaintiff, on her behalf and on behalf of the putative class members, by her undersigned counsel requests a jury trial in this matter.

_//s//Phillip R. Robinson_
Phillip R. Robinson
Client Protection No. 0006210356
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD  20910
Phone (301) 448-1304
